UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHIE E. HARTZ,<br><br>Defendant. | No.  2:14-cv-0112 WBS CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Presently before the court is plaintiff's motion for default judgment.  This matter is submitted without oral argument.  The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

The Internal Revenue Service ("IRS") has made assessments against defendant Ruthie E. Hartz for the 1998 tax year.  The United States commenced the instant action to reduce to judgment the unpaid balance of the assessed amount, plus statutory interest and other additions accruing to the date of payment.

The record reflects that defendant Ruthie E. Hartz was properly served with process by substituted service on February 5, 2014.  ECF No. 4.  Defendant filed a document on March 10, 2014, which was non-responsive to the complaint.  By order filed March 14, 2014, defendant was ordered to file a responsive pleading no later than March 27, 2014 and cautioned that failure to

1

file a responsive pleading may result in a recommendation that default judgment be entered against defendant. Defendant failed to timely file a responsive pleading and on April 4, 2014, default was entered against defendant. ECF No. 17. Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on defendant. Plaintiff seeks an entry of default judgment in the amount of $44,564.72 together with interest from the date of April 8, 2014, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622 until the liabilities are fully paid.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). Plaintiff has established a prima facie case by submitting the declaration of Steven Kemp with supporting documents, including Forms 4340 (Certificates of Assessments and Payments), a copy of the Notice of Deficiency sent to defendant, and the IRS Examination workpapers. Plaintiff has also submitted the declaration of Alan Pobre with supporting documents, which establish the amount of tax, penalties and accrued interest. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 19) against defendant Ruthie E. Hartz be granted;

2. Default judgment be entered in favor of the United States and against Ruthie E. Hartz in the amount of $44,564.72 together with interest from the date of April 8, 2014, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622 until the liabilities are fully paid.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 11, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 usa-hartz0112.def